FRANCISCO MURIEL, as Administrator, etc., of JULIO MURIEL, Deceased, Respondent, v. PORTO RICC-AMERICAN STEAMSHIP COMPANY and MORSE DRY DOCK AND REPAIR COMPANY, Defendants, Impleaded with BALTIMORE INSULAR LINE, INC., Appellant.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. The theory of plaintiff's complaint is that his intestate, while in defendant's employ and working as a fireman on one of its steamships, was asphyxiated while cleaning a boiler, due to defendant's negligence in sending the decedent into a boiler contaminated by poisonous gas and also in providing the decedent with a defective electric light contrivance for use while in the boiler. It is conceded that the decedent died as the result of asphyxiation, but the undisputed proof is that asphyxiation in this case could have resulted from heat exhaustion, electrocution or from gas

* Affd., 263 N. Y. 635.

poisoning. Upon the prior appeal (232 App. Div. 699) we reversed a judgment dismissing the complaint, for the reason that there was sufficient evidence to entitle the plaintiff to a submission of the question of defendant's negligence in failing to take proper precautions to remove dangerous gases from the boiler before allowing decedent to enter. Upon the plaintiff's further theory that his intestate's death was caused by asphyxiation resulting from electrocution, we held that the evidence precluded a finding of the jury that defendant was negligent in that particular. We are of the same opinion concerning the present record, and that the court erred in refusing to charge the jury as requested at folio 806. That error may not attend a new trial in respect of the proof that the commanding officer of the steamer failed to report the death of plaintiff's intestate as required by the regulations of the Board of Supervising Inspectors of the United States Department of Commerce, we express the opinion that it is not competent on the question of negligence. Lazansky, P. J., Young, Hagarty and Scudder, JJ., concur; Carswell, J., concurs in result.